IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br>      v.<br><br>BARON DEL ASHLEY JR,<br>aka Mike J Allen, Michael Jones Ashley,<br>Baron D Edington, Baron Dale Edington<br><br>            Appellant. | No. 81392-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Baron Del Ashley, Jr. appeals his convictions for felony violation of a domestic violence no contact order protecting Lorrie Marie Brookshire. Ashley asserts the State conducted an unlawful warrantless search in violation of Article I, section 7 of the Washington State Constitution when it listened to recorded conversations he made from jail to Brookshire. Because Ashley did not have an expectation to privacy in the calls he made from jail, the recordings were not "private affairs" protected under Article I, section 7. We affirm.

BACKGROUND

On April 3, 2018, Vancouver Police Department Detective Sandra Aldridge arrested Baron Del Ashley, Jr. for violating a 2017 domestic violence no contact order that prohibited him from contacting his wife Lorrie Marie Brookshire. The trial court had modified this order to permit Ashley and Brookshire to talk by phone,

Citations and pincites are based on the Westlaw online version of the cited material.

text, and email. While in custody, Detective Aldridge warned Ashley the trial court would likely issue a new no contact order prohibiting him from talking by phone with Brookshire. The next day, on April 4, 2018, the trial court entered another domestic violence no contact order that prohibited Ashley from contacting Brookshire by phone.

Ashley used the Clark County Jail phone to call Brookshire using his and other inmates' telephone accounts. By the phone, a sign is posted warning inmates their calls "are recorded and subject to monitoring." Telmate is the system that records the calls. To place a call, inmates must enter their personal account number. Telmate uses the account number to identify the inmate. It also records the call receiver's phone number, what time the inmate placed the call, and the call's duration. When a call is initiated, Telmate's prerecorded message warns the caller and the call receivers that the "call is subject to recording and monitoring." Telmate stores the recordings on an off-site server that is accessible to law enforcement.

Detective Aldridge used Telmate to search for and identify calls placed from Ashley to Brookshire. Detective Aldridge determined that Ashley called Brookshire on April 4, 5, 7, and 8, 2018. The State charged Ashley with four counts of felony domestic violence court order violation for contacting Brookshire on those days.

On April 25, 2018, Brookshire asked the court to modify/rescind the no contact orders signed on April 11, 2018 and April 18, 2018. The trial court denied her request pending trial.

During trial, Ashley asked the court to suppress the recordings. He argued that Detective Aldridge conducted an unlawful warrantless search. Detective Aldridge testified the State generally does not obtain a search warrant before searching and listening to recorded calls because the inmates do not have an expectation of privacy with those calls. The trial court denied Ashley's request. It stated:

> both the federal and the state courts have found that the practice of putting up a notice saying everything is going to be recorded and then automatically taping and randomly monitoring these calls of inmates is proper and that the inmates, having been given that warning and understanding that the calls are going to be recorded, don't have any expectation of privacy under either the federal or State constitution.
> . . .
> [H]e doesn't have a right to constitutional warnings where he voluntarily decides to go on a system that -- and talk to a private individual, knowing -- because the sign says so and because the recording says so that the call is going to be recorded.

On December 13, 2018, the jury convicted Ashley on all four counts of felony domestic violence court order violation. The trial court sentenced Ashley to 60 months of confinement. It did not impose another no contact order because it determined the existing order would expire soon after Ashley's release from jail, and because Brookshire did not want a no contact order.

Ashley appeals.

3

ANALYSIS

Private Affairs

Ashley asserts the trial court should have suppressed the recordings because the State obtained them by an unlawful warrantless search in violation of Article I, section 7 of the Washington State Constitution.

We review the denial of a request to suppress evidence by determining whether substantial evidence supports the trial court's findings of fact and whether those findings support the trial court's conclusions of law.[1] Substantial evidence exists if it is sufficient to persuade a fair-minded, rational person of the truth of the matter asserted.[2] We review conclusions of law de novo.[3]

The Washington State Constitution Article I, section 7 provides, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." It protects against warrantless searches of a citizen's private affairs.[4] "To determine whether governmental conduct intrudes on a private affair, we look at the 'nature and extent of the information which may be obtained as a result of the governmental conduct' and at the historical treatment of the interest asserted."[5]

In State v. Archie, Archie appealed the trial court's denial of his request to suppress calls recorded from jail.[6] This court determined the recordings of calls

---

[1] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006).
[2] Levy, 156 Wn.2d at 733.
[3] State v. Schultz, 170 Wn.2d 746, 753, 248 P.3d 484 (2011); State v. Carneh, 153 Wn.2d 274, 281, 103 P.3d 743 (2004).
[4] Schultz, 170 Wn.2d at 753.
[5] State v. Muhammad, 194 Wn.2d 577, 586, 451 P.3d 1060 (2019) (citing State v. Miles, 160 Wash.2d 236, 244, 156 P.3d 864 (2007)).
[6] 148 Wn. App. 198, 199 P.3d 1005 (2009).

made from jail were not private affairs deserving protection under Article I, section 7.[7]

Posted by the Clark County Jail inmate telephones are signs and a pre-recorded Telmate message plays that warn callers and call receivers the calls are subject to recording and monitoring.  Looking at the nature and extent of the information obtained, Ashley's recorded calls were not private affairs deserving protection under Article I, section 7 because he received multiple warnings the calls were subject to recording and monitoring.  And, looking at this court's treatment of the interest asserted, Ashley's recorded calls from jail were not private affairs deserving protection.

Consent

Ashley asserts that while he consented to the search of the recording by jail officials, he did not consent to the search by the State as part of a criminal investigation.

"Under article I, section 7, a search occurs when the government disturbs 'those privacy interests which citizens of this state have held, and should be entitled to hold, safe from governmental trespass absent a warrant.'"[8]  The State must have a valid warrant to conduct a search unless the State shows that an

---

[7] 148 Wn. App. 198, 199 P.3d 1005 (2009).
[8] Muhammad, 194 Wn.2d at 586 (citing State v. Myrick, 102 Wn.2d 506, 511, 688 P.2d 151 (1984)).

exception to the warrant requirement applies.[9] A warrantless search is per se unreasonable unless one of Washington's recognized exceptions applies.[10]

A person may waive protection from warrantless searches by providing meaningful and informed consent.[11] "It is the State's burden to establish that a consent to search was lawfully given. In order to meet this burden, three requirements must be met: (1) the consent must be voluntary, (2) the person consenting must have the authority to consent, and (3) the search must not exceed the scope of the consent."[12]

In Archie, we found that Archie consented to the recording and monitoring when he placed the call and continued the call after receiving a warning.[13] Under Archie, Ashley's claim fails. A posted sign by the inmate telephone and the Telmate pre-recording warned Ashley the call was subject to recording and monitoring. Ashley consented to the search when he proceeded with the call after receiving those warnings. And, regardless of who listened to the recordings and their reason for doing so, Ashley's conversations were not protected under Article I, section 7.

---

[9] Muhammad, 194 Wn.2d at 586 (citing State v. Miles, 160 Wn.2d 236, 244, 156 P.3d 864 (2007); State v. Rife, 133 Wn.2d 140, 150-51, 943 P.2d 266 (1997)).
[10] State v. Rankin, 151 Wn.2d 689, 695, 92 P.3d 202 (2004).
[11] Schultz, 170 Wn.2d at 753, 758.
[12] State v. Thompson, 151 Wn.2d 793, 803, 92 P.3d 228, 233 (2004).
[13] Archie, 148 Wn. App. at 204.

<u>Plain View Exception</u>

The State argues the recordings falls under the plain view exception to the warrant requirement. Because the State prevails without this argument, we do not address it.

## CONCLUSION

Because Ashley had no reasonable expectation of privacy, the recordings were not "private affairs" protected under Article I, section 7, and the trial court properly admitted the recordings. We affirm.

_____
Leach, J.

WE CONCUR:

_____          _____
Bowman, J.                                               Appelwick, J.

7